IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSEL WOODBURN, and PHILLIP WOODBURN, father and son,<br><br>Plaintiffs,<br><br>v.<br><br>PENNSYLVANIA STATE TROOPER JUSTIN DUVALL; PENNSYLVANIA STATE TROOPERS JOHN DOES #1-15; POSTAL INSPECTOR STEVE CELLETTI; and POSTAL INSPECTORS JOHN DOES #15-25<br><br>Defendants. | Civil Action No. 2:12-cv-00127<br><br>Judge Mark R. Hornak |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is Defendant Trooper Duval's Partial Motion to Dismiss for Failure to State a Claim. The Court has considered Plaintiffs Russell and Phillip Woodburn's Complaint, ECF No. 1, the pending Motion and Brief in support, ECF Nos. 13 and 14, and Plaintiffs' Response, ECF No. 15. For the reasons that follow, Defendant's motion is denied.

For the purposes of this motion, the facts of the case need only be briefly summarized. When considering a motion to dismiss under Fed. R. Civ. P. 12, the Court must accept the factual allegations in the Complaint as true and draw all reasonable inferences in the Plaintiff's favor. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Therefore, for the purposes of the disposition of Defendant's Motion, the essential facts are as follows.

On February 4, 2010, a purported postal worker delivered a package to Russell Woodburn's residence that was addressed to an unknown woman. Compl. ¶ 12. Russell's son Phillip Woodburn (age 25) was outside in the yard the time and accepted the package. *Id.* ¶ 13. Phillip entered a car and drove to a garage located on the property. *Id.* ¶ 16. Before Philip entered the garage, he was surrounded by Defendant State Trooper Duval ("Defendant Duval"), Defendant Postal Service Inspector Steve Celetti, Defendant State Troopers John Does #1-15, and Defendant Postal Investigators John Does #16-25 (collectively "Defendants").[1] Defendants pointed guns at Phillip, removed him from his car, threw him onto the hood, handcuffed him, aggressively searched him, and tore apart his vehicle. *Id.* ¶ 18-19. Defendants then moved on to Russell's house, where they entered by breaking down the front door. *Id.* ¶ 20-21. Although Defendants found Russell (age 60) reclined on a chair in a state of sleep, they flipped over his chair, pinned him down, and beat him, although Russell did not resist arrest. *Id.* ¶ 23-25.

Defendants showed the Woodburns the search warrant pursuant to which they entered the house, which stated that the police could enter the residence only if one of the occupants took the package *inside* the residence. *Id.* ¶ 33. Plaintiffs were never charged with any crime. *Id.* ¶ 35. Plaintiffs brought suit against Defendants under § 42 U.S.C. 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 45 F.2d 1339, 1346 (2d Cir. 1972), alleging violations of their Fourth, Fifth, and Fourteenth Amendment rights, as well as under common law tort. Defendant Duval now moves to dismiss all claims against him except for those arising from the alleged Fourth Amendment violations (i.e. the dismissal of Counts Three, Four, Seven, Eight, Nine, Ten, Eleven, and Twelve). No motion to dismiss on the part of any other defendant

---

[1] While Plaintiffs consistently allege that John Does #1-15 are State Troopers and John Does #15-25 are Postal Inspectors, *see* Compl. ¶¶ 9, 11, the Court assumes that this is a typographical error and that John Doe #15 does not hold the positions of State Trooper and Postal Inspector simultaneously. Additionally, while Plaintiffs spell Defendant's name "Duvall" in their Complaint, *see generally id.*, both Defendant Duval in his Motion and Plaintiffs in their Response spell his name "Duval", and so the Court will accept that spelling as accurate.

is currently before the Court. Counts Five, Six and Seven do not apply to Defendant Duval; he does not seek to dismiss Counts One and Two.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Third Circuit has laid out a three step process for the Rule 12(b)(6) analysis:

> First, the Court must "take[] note of the elements a plaintiff must plead to state a claim." Second, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a Court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus*, 641 F.3d at 563 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 679 (2009)) (internal citations omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claim(s) presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *See Iqbal*, 556 U.S. at 679. In short, a motion to dismiss should not be granted if a party alleges facts which could, if established at trial, entitle him to relief. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009).

The Plaintiffs here allege that the actions of Defendants violated their Fourth, Fifth, and Fourteenth Amendment rights, and constituted common law torts, which they have enumerated in 12 Counts. Compl. ¶¶ 48-142. Counts 6 and 7 were lodged against only the Federal Defendants, and so are not considered here. Of the remaining 10 counts against Defendant Duval, who was sued in his official and individual capacity, Defendant Duval moved to dismiss

3

with respect to 8: Counts 3-5 and 8-12. ECF No. 13 ¶ 6. Plaintiff, in his Response, dismissed voluntarily with respect to Defendant Duval Counts 5 (Fifth Amendment Due Process) and 8-12 (State Tort Claims). ECF No. 15 at 3-4. This leaves only Counts 3 and 4.

In Counts 3 and 4, Plaintiffs allege that Defendants' actions violated their Fourteenth Amendment procedural and substantive due process rights, respectively. Defendant Duval, in his Motion to Dismiss, makes a blanket assertion that "Plaintiff's 14th Amendment Claims are barred by the explicit source rule," citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994). *See* ECF No. 14 at 5. In their Response, Plaintiffs only agree to voluntarily dismiss Count 4 (Substantive Due Process), citing the so-called "explicit source rule," leaving Count 3 (Procedural Due Process). ECF No. 15 at 3.

In *Albright*, a Supreme Court plurality held that, in a § 1983 case, "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal citation omitted). The plurality noted that because the plaintiff alleged he was prosecuted without probable cause, he could only rely on the protections of the Fourth Amendment and not "substantive due process, with its scarce and open-ended guideposts." *Id.* at 275 (internal quotation omitted). A majority of the Court later upheld the "explicit source" rule of *Albright*. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998). That said, *Albright* and *Lewis* still permit *procedural* due process claims to stand alongside Fourth Amendment claims. *Torres v. McLaughlin*, 163 F.3d 169, 173 (3d Cir. 1998); *see also Haagenson v. Pa. State Police*, No. 08-727, 2010 WL 256578, at *8 (W.D. Pa. Jan. 20, 2010).

Thus, because the explicit source rule only applies to *substantive*, and not *procedural*, due process claims, Defendant cannot invoke the rule to dismiss Plaintiff's Count 3 alleging procedural due process violations. The Court assumes it is for this reason that Plaintiffs did not elect to voluntarily dismiss this Count in their Response. *See* ECF No. 15 at 3.

In his Motion to Dismiss, Defendant Duval asserts no reason other than the explicit source rule for why Count 3 should be dismissed. ECF No. 14 at 3-4. Defendant in a portion of his brief does argue that he is entitled to sovereign immunity, but he only makes that argument with respect to Plaintiffs' state law tort claims, asserting that 1 Pa. C.S. § 2310 shields him from suit for such claims. ECF No. 14 at 5.

In short, Defendant has argued that Count 3 should be dismissed only pursuant to a doctrine that is legally inapplicable to that Count, i.e. the explicit source rule. As such, Defendant's motion to dismiss with regard to Count 3 is denied. However, the Court takes note that all other Counts alleging claims against Defendant Duval have now been voluntarily dismissed by the Plaintiffs except for Counts 1 and 2, and thus only Counts 1, 2, and 3 remain with regards to this Defendant. An appropriate order will follow.